JOHN B. ANGLE, Appellant, *v.* WILLIAM HANNA, Appellee.

APPEAL FROM STEPHENSON.

A party who engages to labor for another for a specified time, cannot recover for his services unless he performs his contract, or is excused by his employer, or is justified in leaving the service.

That he is called upon to do severe, or unpleasant labor, does not excuse him for leaving his work.

THIS was an action for work, labor and services, brought by the appellee against the appellant, before a justice, in Stephenson county, and was taken by the appellant to the Circuit Court of said county, and tried by a jury before SHELDON, Judge, at the September term of said court, 1858. Judgment was rendered in favor of the appellee in said court, for the sum of $46.80, and costs, from which judgment the said Angle took an appeal to this court.

The appellant resisted the recovery in the court below, on the ground that the work and labor for which the suit was brought, was done under a special contract, by which the appellee was to work for the appellant, on his farm, for the period of four months, or from the 14th day of May until the 1st of October, 1857; and that the appellee violated his contract, in departing from the service of the appellant without a lawful excuse, and for that reason was not entitled to recover.

The appellee proved by three witnesses, that he worked for the appellant, on his farm, from about the 14th of May until about the 7th of August, 1857, and that the work consisted in the work ordinarily done on a farm, and in carrying brick on a new house the appellant was then building. Carrying brick worth from $1.00 to $1.25 per day. The appellant showed that during that time, wages of the kind were worth about $16 per month.

The appellant proved on the trial, that the work was done under a special contract, by which the appellee agreed to work for the appellant four months, or until the first of October, 1857, for the sum of $18 per month; and that he commenced work on the 14th of May, 1857, and quit on the 6th or 7th of August, 1857.

The following is the testimony, which shows under what circumstances appellee left the service of appellant:

*Daniel Krider*, witness for appellee, stated that he is acquainted with the parties to the suit; that on the 8th or 9th of August, A. D. 1857, plaintiff below came to his house, and told witness he had left defendant; that he had left him two days before; that he had agreed to work for the defendant four months, or until the 1st of October, 1857, at eighteen dollars per month; that he commenced work about the 14th day of May, 1857, and worked until the 6th of August following. Witness asked plaintiff why he had left the work of defendant, and told him he could not recover for his labor unless he had good reason for leaving. Plaintiff told him that he and defendant, on the day he left, commenced cutting flax with a machine; that there were two pair of horses attached to the machine; that defendant put him on the horses to drive them, because it

was easier to drive them than to pitch off, and defendant got on the machine to pitch off; defendant complained that plaintiff did not drive fast enough, so that the machine would clear itself, and requested him to drive faster; plaintiff did not drive fast enough so that the machine would clear, and then the defendant got on the horses and drove, and the plaintiff got on the machine to pitch off; and after going once round the field, plaintiff got off the machine and stuck his fork into the ground, and declared that he would not pitch off any more; it was too hard work for him, and he would not pitch off; defendant drove the horses fast, when plaintiff said he would not pitch off; defendant then told plaintiff if he would not pitch off, he would have to get some one else, and after some few words between the parties, the plaintiff left the defendant and went away; plaintiff did not say that defendant told him to leave; plaintiff stated no other cause for having left except as above stated.

The testimony further shows that the appellee was well treated and that he made no complaint of bad treatment while working for appellant.

The cause being submitted to the jury, they returned a verdict in favor of the appellee, for $46.80; and thereupon the appellant moved for a new trial, for the reason that the verdict was against the evidence, and the court overruled said motion; to which decision of the court, overruling said motion, the appellant, by his counsel, excepted, and judgment was entered for the appellee.

MEACHAM & BAILEY, for Appellant.

J. H. GOODHUE, and R. S. BLACKWELL, for Appellee.

WALKER, J. The principle is well established and fully recognized, that a party who engages to labor for a specified period, has no right to recover unless he performs his contract, or is excused by the employer, or is in some manner justified in quitting before the expiration of the time. If the employee is prevented from performing his contract by the employer, or is discharged from his employment, or is from ill usage compelled to abandon his service, he may then recover on a *quantum meruit*. But, unless he is thus excused or prevented, he has no such right. In this case, the engagement was to labor four months, at eighteen dollars per month, or from the 14th of May until the first of October, 1857. After entering upon the performance of the contract, appellee quit work for the appellant about the 6th or 7th of August, 1857. There is no evidence in this record showing that the appellant discharged or in any manner excused the

appellee from completing the performance of the contract. And it fails to show ill usage, but on the contrary it appears that he was well treated, and that he at no time complained of his treatment, of his board or of his lodgings. And the only excuse which he made, after leaving, was that cutting flax with a machine was too hard work. And from his statement and other evidence, the appellant was engaged with him at the same labor. He was employed on the farm in the performance of labor incident to that occupation, and he had no right to insist upon the right to perform only the lighter portions of it, and an exemption from the more onerous portions. If he had not been willing to perform such labor as is usual and customary on a farm, he should have stipulated in his contract for an exemption from its performance.

It was urged that the appellant had no right, under the general contract for labor as a farm hand, to require him to carry brick, which was worth more than ordinary farm labor. It does not appear that appellee was only employed as a farm hand. The evidence shows that he was employed to labor for the period stipulated, without any kind of labor being specified, and it may have been that carrying brick was a part of the labor contemplated by both parties, when he was employed. And if it were not, the presumption is, that he would at the time have objected to its performance. But where it does not appear that such labor was not contemplated by the parties when the contract was made, and no objection was made at the time of its performance, we must conclude that it was a portion of the labor intended by the parties when the contract was made. And even if it was not, we cannot say it was not embraced in the contract.

The appellee has wholly failed to show a right of recovery; he having violated his part of the agreement, without any legal excuse, the finding of the jury was wrong, and unsustained by the evidence. The court below erred in not granting a new trial. The judgment must be reversed, and the cause remanded.

*Judgment reversed.*