THE EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY *v.* W. L. McKNIGHT.

MASTER AND SERVANT. *Extra services.* Where the servant voluntarily performs extra services, and the servant gives the master no notice of any intention to claim compensation for same, but settles with him statedly under his original contract, the law will imply no contract and give no compensation for said extra services.

FROM M'MINN.

Appeal in error from the Circuit Court of McMinn ·county. D. C. TREWHITT, J.

W. M. Baxter, P. B. Mayfield and A. Bliz-zard for Railroad Company.

J. N. Aiken and Burkett & Lane for McKnight.

Washburn, Sp. J., delivered the opinion of the court.

The defendant in error was depot agent, express agent and postmaster at Charleston, Tennessee, from April, 1869, to August, 1881, the post-office being kept in the depot by permission of plaintiff in error free of rent. The distance from the point at which the trains usually stopped to the post-office is from fifty to seventy-five yards. During all these years defendant in error met the trains on their arrival, and carried the mails to and from the cars. On July 7, 1881, he was discharged from his agency by the plaintiff in error, and on the 29th of the same month brought this suit in the circuit court, claiming $2,500 as the reasonable value of his services in carrying the mails to and from the post-office during the time mentioned.

The declaration contains but one count, and is as follows: " The plaintiff sues the defendant for $2,500, which, he says, is due him' from the defendant for work and labor done by the plaintiff for the defend-ant in carrying the United States mail to and from the United States mail train, at the depot in Charles-ton, Tennessee, to the post-office in said town, from the first day of April, 1869, to the first day of August, 1881, at the instance and request of the de-fendant, which sum of money, with the interest thereon, is due and unpaid."

22—vol. 15.

The railroad company filed four pleas, upon which issue was taken, viz: 1. *Non assumpsit.* 2. *Nil debit.* 3. Statute of limitations of six years. 4. A special plea that during all the time for which compensation is claimed, defendant in error was the general agent of the. defendant at said depot, and that the service sued for was but part of the duties of his agency, and was fully paid for before suit brought. On the trial the jury found a verdict for the defendant in error, and plaintiff in error has appealed. The Referees have recommended a reversal of the judgment, and defendant in error filed exceptions thereto.

It nowhere appears in the proof that plaintiff in error was a contractor with the United States for carrying the mails, nor that it was any part of its duty to deliver the mails at the post-office at that point; and this, though assumed in the charge of his Honor, the circuit judge, is a mere matter of inference and not of proof. It does appear that in his capacity as express agent, for which he was paid a monthly salary, it was the duty of defendant in error to meet each mail train, and it further appears that upon his earnest solicitation he was allowed the use of a room in the depot building for a post-office free of rent. During all these twelve years and more defendant in error received and receipted for his salary as agent of the company, and never asked for additional compensation, nor notified the railroad company that he expected such compensation.

The circuit judge charged the jury that if the post-office was less than eighty rods from the road,

then it was the duty of the company to deliver the mail, and if plaintiff, in the absence of an express contract to do so, performed said service with the knowledge and assent of the company, and the company accepted and received the benefit of said service, then the law would imply a contract on the part of the company to pay a reasonable compensation therefor, etc. But if said services were performed as a part of plaintiff's duties as depot agent, or were gratuitously performed at the time, plaintiff could not recover in the absence of an express contract or provision to pay on the part of defendant.

This charge is erroneous in two particulars:

First. It assumes and directs the jury as a matter of law that the plaintiff in error was a contractor with the post-office department of the United States government, and that as such it was its duty to deliver the mail at all post-offices within eighty rods of the line of road.

Second. We hold the law to be that when the relation of master and servant is established by contract, and during the existence of said relation the servant voluntarily performs services for the master with no agreement or understanding that he should be paid for said extra services, and the servant gives the master no notice of any intention to claim compensation for such services, but settles with him statedly under his original contract, the law will imply no contract for said extra services: Wood on Master and Servant, secs. 86, 87 and 90; *Hair* v. *Bell*, 6 Vt. R., 35; *Angle* v. *Hanna*, 22 Ill., 429.

Other errors are assigned, but we forbear to notice them, as for the reason above stated.

The judgment must be reversed and the cause remanded.